UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| **ERIC A. GARLAND**<br>    **Plaintiff,**<br><br>v.<br><br>**JOAN GILMER,**<br><br>**CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**<br>    **Defendants** | Cause No. 4:24-cv-00930 JSD |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983

COMES NOW Plaintiff Eric A. Garland, *pro se*, and for his complaint for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 states to the Court the following:

1. Plaintiff Eric A. Garland ("Plaintiff") is currently a litigant in a domestic relations case, styled *Garland v. Garland,* 15SL-DR06612-02, in the County of St. Louis, Missouri.

2. On or about December 15, 2016, the court placed Plaintiff's domestic relations case into confidential status due to his work in national security.

3. Plaintiff is not currently represented by counsel in the state domestic relations matter.

4. The County of St. Louis does not allow *pro se* litigants access to the State of Missouri's CaseNet computer system in sealed cases such as Plaintiff's

5. Upon information and belief, Clerk of the Court Joan Gilmer is allowing other parties to freely access the court docket, to file pleadings, and to schedule hearings which may affect the rights of Plaintiff and his two minor children.

6. Plaintiff is being denied access to the courts and is being denied the right to redress the government, while other parties enjoy those rights.

7. Plaintiff and his minor children are suffering irreparable harm due to the actions under color of law by Defendants.

8. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to obtain temporary, preliminary, and permanent injunctive relief, and other equitable relief.

## JURISDICTIONAL STATEMENT

9. This Complaint is filed pursuant to 42 U.S. Code § 1983. This Court has jurisdiction over this matter pursuant to 28 U.S. Code § 1331. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S. Code § 1391(b.) This Court may grant relief pursuant to 28 U.S.C. § 2201.

## PARTIES

10. Plaintiff Eric A. Garland is and/or was, at all times relevant hereto, a citizen of the United States and a resident of St. Louis City, Missouri.

11. Defendant Joan M. Gilmer is and/or was, at all times relevant hereto, a citizen of the United States and acting under color of state law as the Clerk of the Court in the employment of St. Louis County. She is a resident of Overland, Missouri. At all times mentioned herein, she

acted both on her own and in concert with the other defendants, under color of state law. As a party to this action, Defendant Gilmer is named in her official capacity.

12. The Circuit Court of St. Louis County, Missouri is a court circuit located in Clayton, Missouri, which has jurisdiction over all citizens of St. Louis County.

## FACTUAL ALLEGATIONS

13. On or about July 24, 2016, the Court of St. Louis County ordered a dissolution of marriage in the case of *Garland v. Garland*, 15SL-DR06612. This order incorporated a parenting plan for the two minor children produced by the marriage. Both children reside in St. Louis, Missouri.

14. On or about December 15, 2016, the Court of St. Louis County ordered a change in security status in the case of *Garland v. Garland* due to Plaintiff's work in national security.

15. On or about December 22, 2021, the Court of St. Louis County ordered a modification of the judgment.

16. On or about May 29, 2024, Plaintiff filed in St. Louis County Court a Motion to Compel in the case of *Garland v. Garland*. Attorney Sarah Unsicker entered appearance on his behalf.

17. On or about June 27, 2024, Plaintiff filed in St. Louis County Court an emergency petition for Temporary Restraining Order, seeking a hearing to determine the risk to the children from their mother's alleged connections to a convicted drug trafficker. *See* Exhibit 1.

18. On or about June 29, 2024, the State of Missouri experienced a catastrophic failure of its "Missouri Case Net" system of court case management across the state, including in the Circuit of St. Louis County.

19. On or about July 2, 2024 Plaintiff's counsel requested leave of court as required by Missouri Rules of Professional Conduct based on her lack of resources to prosecute the case. Upon knowledge and belief, no judge has ruled on said motion.

20. Plaintiff, who is now a self-representing litigant, has no ability to access the docket of the Missouri custody case. The latest information he has about said case is dated June 27, 2024. *See* Exhibit 2.

21. Plaintiff has submitted numerous pleadings to be filed in his custody case in Missouri, but has no knowledge of whether these have been filed by Clerk of the Court, Joan Gilmer ("Gilmer").

22. Upon information and belief, other parties are still able to access Missouri Case Net. Further, Gilmer allows their pleadings to be filed even when they are not parties to the case.

23. Upon information and belief, other parties are claiming to have held a hearing on their pleadings for Monday, July 8, 2024 at 11:00am CT. Plaintiff received no process service on what pleadings may or may not have been heard.

24. If the Circuit Court of St. Louis County Missouri continues to deny Plaintiff access to the courts, while allowing other parties access, Plaintiff and his minor children will suffer irreperable harm including, but not limited to, their certain and guaranteed rights to access the courts, to redress their government, and to procedural due process.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff Eric Garland respectfully requests that this Court enter judgment in his favor under 42 U.S.C. § 1983, and:

a) Orders the Circuit Court of St. Louis County Missouri to provide Plaintiff access to the courts, including digital access to the docket and the ability to file pleadings and exhibits in his sealed domestic relations case, *Garland v. Garland* as a self-representing litigant; and

b) Orders the Circuit Court of St. Louis County Missouri to provide Plaintiff all audio recordings, video recordings, transcripts, and evidence of any hearings held while he has lacked access to the courts; and

b) Orders the Circuit Court of St. Louis County Missouri to vacate any orders by any judge of its circuit issued in *Garland v. Garland* while Plaintiff lacked access to the courts; and

c) Orders to Circuit Court of St. Louis County Missouri to continue any non-emergency hearings scheduled while Plaintiff lacked access to the courts until such time as his access to the courts is restored; and

d) Orders the Circuit Court of St. Louis County Missouri to pay all reasonable attorneys fees and courts associated with this Federal action; and

e) For such further and other relief as the Court deems appropriate under the circumstances.

Dated July 8, 2024                                              Respectfully submitted,


                                                                    __/s/ Eric A. Garland_____

Eric A. Garland
2007 Park Ave.
St. Louis, MO 63104
802-999-8118
ultraducharme@gmail.com
*Pro Se*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 9th day of July, 2024, the foregoing was filed via the Court's electronic filing system and served upon counsel of record, and/or sent via U.S. Postal Service or email to the following:

                                                        /s/ Eric A. Garland
                                                          Eric A. Garland

Ryan M. Murray
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, MO 63101
ryan.murray@ago.mo.gov

Mary Reitz
Office of the County Counselor
41 S. Central Ave.
Clayton, Missouri 63105
MReitz@stlouiscountymo.gov