IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| In re: The Marriage of ) | |
| ) | |
| ERIC GARLAND ) | |
|     Petitioner, ) | Cause No. 15SL-DR06612-03 |
| ) | |
| vs. ) | Division: 22 |
| ) | |
| KATHERINE GARLAND ) | |
|     Respondent. ) | |

SERVE AT:
Dr. Katherine L. Garland
615 S. New Ballas Rd.
St. Louis, MO 63141

## PETITIONER'S VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION PURSUANT TO RULE 92.02

COMES NOW PETITIONER ERIC A. GARLAND, by and through his undersigned attorney, and for his Verified Application for Temporary Restraining Order and/or Preliminary Injunction, states as follows:

1. Petitioner ERIC A. GARLAND is the Movant in a Motion to Modify pending before this Court.

2. Petitioner and Respondent Katherine Garland (herein after "Respondent") share physical custody of two minor children, **Child1** (male, age 14) and **Child2** (female, age 12). Respondent was granted sole legal custody pursuant to her Motion to Modify on December 22, 2021.

3. There exist new facts unknown to the Court at the time of its last Order:

1

3a. The Court heard that mother had a boyfriend around whom the children spent time in their domicile. However, the Court was not advised as to the identity of the boyfriend.

3b. Respondent has since been denied the issuance of passports for the minor children by the U.S. Department of State.

3c. Respondent accused Petitioner of manipulating the United States Federal Government to deny the minor children passports. Further, Respondent demanded that Petitioner provide her a notarized letter authorizing international travel for the minor children without the authorization of the U.S. Department of State.

3d. Respondent and the minor children asked Petitioner to investigate the reasons for which the minor children might not have been issued passports to be held by Respondent.

3e. Petititoner subsequently, for the purposes of enabling activities and travel of their minor children, investigated potential reasons for the decisions by the U.S. Department of State to deny Respondent the issuance of passports.

3f. Petitioner subsequently learned that Respondent's boyfriend, MIGUEL ANGEL LAGUNES HERNANDEZ, who is a Mexican national, pled guilty in Federal District Court in 2011 to a felony charge of possessing, with the intent to distribute, a quantity in excess of 680 kilograms of marijuana, and agreed to be deported upon completion of his sentence. *See* Exhibit 1.

3g. LAGUNES HERNANDEZ was incarcerated for around three years and subsequently deported back to his native Mexico in lieu of three years of supervised release. *See* Exhibit 2.

2

3h. The U.S. Federal Government successfully argued in 2007 that witnesses to the criminal activities of LAGUNES HERNANDEZ were in danger of harm if he were to be aware of his criminal indictment and/or arrest warrant. *See* Exhibit 3.

3i. Upon the arrest of LAGUNES HERNANDEZ, the court determined that he was a flight risk and/or danger to the community and ordered him detained pending trial. *See* Exhibit 4.

3j. According to the Federal Bureau of Investigation, LAGUNES HERNANDEZ was not a mere accomplice, but had leadership authority within the drug trafficking organization. *See* Exhibit 5.

3k. Respondent has testified under oath that she has harbored LAGUNES HERNANDEZ in the United States despite his 2013 deportation after his prison sentence for drug trafficking. Further, she has stated in writing that she allowed him to use her automobile. What's more, she testified under oath that she gave financial support to LAGUNES HERNANDEZ. Also, Respondent convinced her expert witness, Dr. Dean Rosen, to testify under oath to this Court that LAGUNES HERNANDEZ held legal work permits from the U.S. Government.

3l. Petitioner has no knowledge that LAGUNES HERNANDEZ had been authorized to re-enter the country by the Attorney General of the United States or the Secretary of Homeland Security at the time when Respondent harbored LAGUNES HERNANDEZ.

3m. The criminal history of Respondent's boyfriend was not known to Petitioner until June 11, 2024 because Respondent explicitly refused to disclose his full name despite repeat requests for this information. Further, Respondent's mother, in whose home the minor children

3

currently reside, also refused to identify Respondent's boyfriend despite multiple requests by Petitioner.

 3n. Mother's actions have made both minor children witnesses to the recent criminal activities of LAGUNES HERNANDEZ.

 3o. Petitioner has no knowledge of whether there exist sealed criminal indictments or arrest warrants for LAGUNES HERNANDEZ or his accomplices.

 3p. Petitioner has no knowledge of whether Respondent is a cooperating witness for the Department of Justice or the Department of Homeland Security in the case of LAGUNES HERNANDEZ or for any other investigation.

 4. It is not in the best interest of the children for Respondent to continue to exercise custody according to the last Order & Judgment because of the credible risk of harm due to Respondent making the children witnesses to the activities of a convicted international drug trafficker. Further, there is a credible risk of abduction of the minor children by Respondent based on her unwillingness to follow the parenting plan, her attempts to deceive the U.S. Department of State, and the potential consequences which might result from her association with an international drug trafficker who she harbored, transported, aided, and abetted.

 WHEREFORE, Petitioner/Movant respectfully prays this Court enter a Temporary Restraining Order and/or Preliminary Injunction restraining and enjoining Respondent from exercising physical or legal custody and granting Petitioner/Movant sole physical and sole legal custody of the minor children until such time that the Court can make the appropriate

determinations for custody and visitation arrangements for the minor children, and granting such other and further relief that the court deems just and proper under the circumstances.

*Eric A. Garland*

On this **26** day of **June**, 2024, before me personally appeared Eric A. Garland, to me known to be described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed, who after having been by me first duly sworn, states on oath that he believes the matters and facts contained in this petition are correct and true as therein stated.

IN WITNESS THEREOF, I have here unto set my hand and affixed my seal, the day and year first above written.

_____, Notary Public

My commission expires: **01/31/2025**

```
COLLIN REECE DOWNS
NOTARY PUBLIC
REG. # 7952862
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 01/31/2025
```

Respectfully Submitted,

BY:  /s/ Sarah L. Unsicker

Sarah Louise Unsicker
MO Bar No. 58244
PO Box 20158
St. Louis, MO 63123
(314) 494-1866
Unsickersarah@gmail.com

5