UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC A. GARLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 4:24-cv-930-JAR |
| JOAN GILMER and CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI, | ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Eric A. Garland's Response to the Court's Order to Show Cause (ECF No. 24), Defendant Joan Gilmer's Motion to Dismiss (ECF No. 29), and Defendant Circuit Court of St. Louis County, Missouri's Motion to Dismiss (ECF No. 33). These matters are now fully briefed and ripe for disposition. For the reasons provided below, the Court will grant the Defendants' Motions to Dismiss because the Court lacks jurisdiction over this matter.

## Background

On or about July 24, 2016, the Circuit Court ordered the dissolution of Plaintiff's marriage. On or about December 15, 2016, the Circuit Court "ordered a change in security status" in Plaintiff's domestic relations case, allegedly sealing the entire case to everyone except for the Circuit Court and the attorneys of record.

On or about May 29, 2024, Plaintiff alleges that he filed a Motion to Compel in his domestic relations case through his attorney, Sarah Unsicker. On June 27, 2024, Plaintiff alleges that he filed an emergency motion for temporary restraining order in his domestic relations case.

On or about June 29, 2024, Missouri's online docketing system, Casenet, experienced a total outage. This outage prevented Plaintiff, his attorney, and all users of the platform from digitally accessing the dockets of their cases.

On July 2, 2024, Ms. Unsicker filed a motion to withdraw her representation of Plaintiff in the domestic relations case. Since Ms. Unsicker submitted her motion to withdraw, Plaintiff has allegedly filed several unspecified pleadings with the Circuit Court in his domestic relations case, but he states he cannot confirm whether these were actually filed because he does not have access to the sealed digital docket.

On July 8, 2024, Plaintiff filed a Complaint in this Court seeking declaratory and injunctive relief against Defendant Joan Gilmer, Circuit Clerk of the St. Louis County Courts, and Defendant Circuit Court of St. Louis County, Missouri. ECF No. 1. Plaintiff alleges constitutional violations pursuant to 42 U.S.C. § 1983, but he does not identify in his Complaint which constitutional rights Defendants have violated. Plaintiff generally alleges that he is unable to access the electronic docket of his domestic relations case pending in the Circuit Court of St. Louis County.[1] Plaintiff invokes the Court's subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks several forms of injunctive relief, including (1) ordering the Circuit Court to permit him digital access to the docket in the domestic relations case; (2) ordering the Circuit Court to provide Plaintiff with any audio, video, transcripts, or evidence of any hearings conducted between July 2, 2024 and the present in his domestic relations case; (3) ordering the Circuit Court to vacate any orders in his domestic relations case since July 2, 2024; and (4) ordering the Circuit Court to continue any non-emergency hearings that were scheduled since July 2, 2024.

---

[1]    *Garland v. Garland*, 15SL-DR06612-02.

On July 9, 2024, Plaintiff filed a Motion for Preliminary Injunction, in which he clarified that his Complaint is meant to "challenge[] the constitutionality of St. Louis County Circuit Court and Clerk of the Court Joan Gilmer's denial of Garland's access to receive, read, submit, and file pleadings in his case *Garland v. Garland*, 15SL-DR06612-02." ECF No. 6 at 1.  He further contends that he has "clearly established rights under the United States Constitution, Amendments I, V, and XIV[,] which guarantee him the right to access the courts, to redress his government, and to procedural due process." *Id.*

On July 11, 2024, Plaintiff filed a Motion for Temporary Restraining Order (ECF No. 8), and on July 16, 2024, Plaintiff filed an Amended Motion for Temporary Restraining Order (ECF No. 10).  On July 25, 2024, The Court heard oral argument on Plaintiff's Amended Motion for TRO and all Parties were present at the hearing.  ECF No. 21.  After hearing from the parties and reviewing their submissions, the Court denied Plaintiff's request for a TRO.  ECF No. 22.

On August 5, 2024, the Court issued an Order to Show Cause asking Plaintiff to show why this case should not be dismissed for lack of jurisdiction.  ECF No. 23.  Specifically, the Court asked Plaintiff to address "(1) why this case should not be dismissed under the domestic relations exception . . . ; (2) why this case should not be dismissed under the *Rooker-Feldman* doctrine . . . ; and (3) why this case should not be dismissed for failure to raise a claim against these Defendants . . . ." *Id.* at 2–3 (footnote omitted).

On August 14, 2024, Plaintiff filed his Response.  ECF No. 24.  The Court then granted Defendants an opportunity to respond, and both Defendants did so on August 22, 2024.  ECF Nos. 26 and 27.  On August 23, 2024, Plaintiff filed a Reply.  ECF No. 28.

After Plaintiff filed his Reply, both Defendants filed Motions to Dismiss, with Defendant Gilmer filing her Motion on September 9, 2024, and Defendant Circuit Court filing its Motion on

September 10, 2024.  ECF Nos. 29, 33.  On September 12, 2024, Plaintiff filed his Response to both Motions.  ECF No. 34.  Defendant Gilmer filed a Reply on September 18, 2024, and Defendant Circuit Court filed a Reply on September 20, 2024.  ECF Nos. 35, 36.

After reviewing the case filings, the parties' arguments, and hearing argument at the July 25 hearing, the Court finds that it lacks jurisdiction over this case.  The Court will therefore dismiss the case without prejudice.

## Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Great Lakes Gas Transmission L.P. v. Essar Steel Minn. LLC*, 843 F.3d 325, 328 (8th Cir. 2016) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)).  The Court assumes that a cause of action lies outside of its limited jurisdiction, and the burden of establishing the Court's jurisdiction is on the party asserting it.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted).  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate."  *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).  The Court can raise the question of its subject-matter jurisdiction at any time.  *Long v. Area Mgr., Bureau of Reclamation*, 236 F.3d 910, 916 (8th Cir. 2001) (citing *Fromm v. Comm'n of Veterans Affairs*, 220 F.3d 887, 890 (8th Cir. 2000)).

Plaintiff has invoked the Court's subject matter jurisdiction under 28 U.S.C. § 1331, and it is thus Plaintiff's burden to establish the Court's jurisdiction over this matter.  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Federal courts lack jurisdiction to hear domestic relations matters, an exception that was first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858). *See also Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013). Generally, the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Crain v. Crain*, 72 F.4th 269, 277 (8th Cir. 2023) (finding that the domestic relations exception "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child support.").

Similarly, under the *Rooker-Feldman* doctrine, the Court cannot hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejections of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1151–52 (8th Cir. 2023) ("The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments.") (citation omitted).

**Discussion**

Plaintiff primarily argues that this Court has jurisdiction over his case because he raises a federal question as to whether his First Amendment right of access to the Courts has been violated.[2] Plaintiff states that "[t]he *domestic relations exception* is not implicated, because the

---

[2] The majority of Plaintiff's Response to the Court's Show Cause Order is dedicated to raising new allegations that were not contained in his Complaint and are entirely irrelevant to the jurisdictional issues here. For example, Plaintiff alleges for the first time that Defendants have violated his right to due process for failing to adequately serve him with process of hearing notices or judgments in his domestic relations matter since he filed his motion for temporary restraining order. He generally contends that the Circuit Court is conducting secret hearings in his domestic relations case and issuing orders that affect his custody rights over his children.

5

issues in the case at bar are constitutional and do not depend on the facts of the state case where they might involve issuing an order on divorce, support, or custody." ECF No. 24 at 5 (emphasis in original). Plaintiff also states that "[t]he *Younger* doctrine does not apply, nor sovereign immunity, nor Tenth Amendment." *Id.* Plaintiff's only legal authority is a citation to *Ankenbrandt v. Richards* for the contention that the Supreme Court has held that "a District Court should zealously guard the exercise of its jurisdiction over Federal questions." *Id.* In his Response to the Order to Show Cause, Plaintiff does not address the *Rooker-Feldman* doctrine, nor does he address whether he has properly raised claims against these Defendants, who seemingly have no power to grant him access to the Casenet digital docket in his domestic relations matter.

    Defendant Gilmer argues that the Court lacks jurisdiction over this case because the domestic relations doctrine and the *Rocker-Feldmen* doctrine both apply. Defendant Gilmer also cites to *Ankenbrandt*, but she does so for the contention that "[e]ven if a party files an action under the guise of a federal question, where the true subject is domestic relations, . . . the matter should not be entertained in federal courts." ECF No. 26 at 2–3 (citing *Ankenbrandt*, 504 U.S. at 703). According to Defendant Gilmer, Plaintiff is simply trying to sidestep the domestic relations exception and the *Rooker-Feldman* doctrine by labeling his claim as one under § 1983, while what Plaintiff actually seeks is relief from child custody decisions that have already issued in his domestic relations case.

    Defendant Circuit Court makes similar arguments. The Circuit Court cites to *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) for the contention that, "when a cause of action closely

---

The Court will not consider these irrelevant and improperly raised allegations and will focus only on those arguments that are responsive to the Order to Show Cause.

relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." ECF No. 27 at 2. The Circuit Court argues that Plaintiff's claims here are "inextricably intertwined with issues concerning the validity of a state court family law proceeding." *Id.* The Circuit Court also argues that the *Rooker-Feldman* doctrine applies here because Plaintiff is essentially seeking to undermine decisions made by the state court in his domestic relations case. The Circuit Court further argues that claims against it are barred by Eleventh Amendment sovereign immunity. Finally, the Circuit Court argues that Plaintiff has failed to state a claim against it because it is bound by the rules of the Missouri Supreme Court regarding the security level of Plaintiff's domestic relations case and therefore cannot provide Plaintiff with the relief he requests. The Circuit Court emphasizes that Plaintiff can access the docket in his case by physically going to the court and requesting to review documents or by simply requesting to have his case unsealed.

      Plaintiff's Reply eschews legal arguments and authority and instead makes several new baseless allegations of wrongdoing against Defendants. ECF No. 28. Plaintiff also attempts to connect the issues raised in this case with a separate cause of action he raised in this Court prior to the filing of this case.[3]

      The arguments both Defendants make in support of their Motions to Dismiss mirror those they had already made in previous filings. Defendant Gilmer in her Memorandum in Support of her Motion to Dismiss separately argues that the claims raised against her are barred by quasi-judicial immunity as a member of the Circuit Court's staff. She also contends that the claims Plaintiff supposedly raises against Defendant Gilmer are actually claims about actions taken by

---

[3]    *Garland v. Schroeder*, 4:23-cv-64-SEP (E.D. Mo.).

other Court staff that she supervises and do not directly concern any alleged actions taken by Defendant Gilmer.

Plaintiff's Response to the Defendants' Motions does not directly address any of the arguments raised by Defendants. Instead, Plaintiff simply lists Supreme Court cases that state that federal courts have jurisdiction over federal questions and cites to a single Eighth Circuit case for the contention that federal courts "have a virtually unflagging obligation to hear and decided cases within their jurisdiction." ECF No. 34. However, to the extent that Plaintiff's Response to the Court's Order to Show Cause raises arguments that are responsive to the Motions to Dismiss, the Court has considered those arguments.

The Court finds that Plaintiff has failed to establish the Court's jurisdiction over this case. Plaintiff's claims, while cloaked as § 1983 actions, are simply requests for the Court to alter the outcome of matters in his domestic relations case, a purely state law matter. Plaintiff specifically asks the Court to find that certain unspecified orders of the Circuit Court in his domestic relations case were unconstitutional. For this same reason, the *Rooker-Feldman* doctrine applies. The Court agrees with Defendants that Plaintiff's case is nothing but a thinly veiled invitation to have this Court intervene in his ongoing domestic relations case.

To the extent the Court interprets Plaintiff's Complaint as attempting to raise a claim of lack of access to the courts under the First Amendment, Plaintiff has failed to state a claim. Plaintiff simply alleges that he lacks access to the Casenet digital docket in his sealed domestic relations case. Importantly, Plaintiff has not alleged that he lacks *all* access to the docket in his domestic relations case. Instead, he simply alleges that he lacks his preferred access via the digital docket on Casenet. These allegations do not support a claim of lack of access to the courts under the First Amendment.

Further, Plaintiff has failed to establish that the Court can grant Plaintiff his requested relief against these Defendants. Both Defendant Gilmer and the Circuit Court appear to have no authority over Plaintiff's access to the Casenet digital docket in his domestic relations case, and Plaintiff has provided no evidence or allegations to the contrary. Plaintiff's conclusory assertions of the Court's jurisdiction over this matter are unconvincing and insufficient for Plaintiff to carry his burden of establishing the Court's jurisdiction. Because the Court finds it lacks jurisdiction over this case, the Court will dismiss Plaintiff's Complaint without prejudice.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Joan Gilmer and Defendant the Circuit Court of St. Louis County's Motions to Dismiss (ECF Nos. 29, 33) are **GRANTED** and this case is **DISMISSED without prejudice** for lack of jurisdiction.

**IT IS FURTHER ORDERED** all other pending motions are **DISMISSED as moot**.

A separate order of dismissal shall accompany this Order.

Dated this 30th day of September, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE